Jeffrey S. Mutnick, OSB #721784
jmutnick@mutnicklaw.com
737 SW Vista Ave.
Portland, OR 97205
503-595-1033

Devin N. Robinson, OSB #064879
devin@nwtriallaw.com
6110 N Lombard St., Suite B
Portland, OR 97203
503-228-7020

*Of Attorneys for Plaintiff Kathleen Buczkowski*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| KATHLEEN BUCZKOWSKI, an individual, | No. |
|---|---|
| Plaintiff | **PLAINTIFF'S COMPLAINT - PERSONAL INJURY (Strict Liability, Negligence)** |
| vs. | |
| GENERAL ELECTRIC CO., a Connecticut corporation; METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation; OWENS-ILLINOIS, INC., a Delaware corporation; and VIACOM, INC., a Delaware corporation, as successor-by-merger to CBS Corporation formerly known as Westinghouse Electric Corporation | **JURY TRIAL REQUESTED** |
| Defendants. | |

1.

PARTIES

a) Plaintiff is an individual and a citizen of the State of Oregon.

b) Defendant General Electric Co. is a Connecticut corporation that was engaged in the manufacture, sale, and/or distribution of asbestos-containing products including, but not limited to, generators, turbines and associated gaskets, sealants and insulation.

Page 1 of 6- PLAINTIFF'S COMPLAINT – PERSONAL INJURY

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

c) Defendant Metropolitan Life Insurance Company is a New York corporation that engaged in the business of providing a variety of insurance products, including life insurance, casualty and liability insurance, and workers' compensation insurance to a variety of customers, including corporations engaged in the manufacture, distribution, and sale of asbestos and asbestos-containing products. Beginning in approximately 1929 and continuing thereafter, Metropolitan Life Insurance Company, at the request of, and as part of its business service to, one or more of its insurance customers, conducted or commissioned studies and medical research, medical investigations, medical studies, and collection of medical and epidemiological data, concerning the disease producing capabilities of asbestos and asbestos-containing materials. In the 1930s and 1940s, Metropolitan Life directly transmitted and indirectly disseminated the results of such investigation and studies to a variety of individuals and industrial companies involved in asbestos-related industries, including one or more of the defendants named herein. These medical investigation studies and information included substantial evidence of the disease-producing capability of asbestos and asbestos-containing products. Metropolitan Life Insurance Company thereafter engaged in a continuous and consistent course of conduct suppressing, minimizing, understating and denying the evidence of disease causing properties of asbestos and asbestos-related material.

d) Owens-Illinois, Inc. is a Delaware corporation that engaged in the manufacture, sale, and distribution of asbestos-containing materials including insulation.

e) Viacom, Incorporated, as successor-by-merger to CBS Corporation (formerly known as Westinghouse Electric Corporation), was and is a Delaware corporation registered to do business in the state of Oregon which engaged in the manufacture, sale, and/or distribution of asbestos-containing products including, but not limited to, insulation, gaskets, packing, wire, engines, motors, turbines and related component parts,

Page 2 of 6- PLAINTIFF'S COMPLAINT – PERSONAL INJURY

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

## 2.

## JURISDICTION

This court has jurisdiction under 28 USC §1332 by diversity of citizenship in a matter seeking more than $75,000.00 in damages.

## 3.

## VENUE

This is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and therefore venue is predicated upon 28 USC § 1391(b)(2).

## 4.

## FACTS

Plaintiff's father worked in the shipbuilding and construction trades during the 1940's. During this employment, Plaintiff's father worked with asbestos and asbestos-containing materials in the performance of his work, and worked with workers who handled, installed or fabricated asbestos-containing materials. During this time period, Plaintiff was a child who lived in the same household as her father. Plaintiff's father brought asbestos fibers into the home on his clothes and body, exposing Plaintiff to airborne asbestos fibers.

## 5.

At all material times, some of the Defendants regularly engaged in the business of manufacturing, marketing, selling, distributing, applying, installing, and/or rebranding asbestos-containing materials and products. Some of the defendants required the use of asbestos-containing materials for repair, maintenance and/or installation of their products at locations where the Plaintiff was present and/or where Plaintiff's father was present.

**JEFFREY S. MUTNICK**
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

**6.**

At all material times, the Defendants conducted regular, sustained and not isolated business activity in the State of Oregon.

**7.**

Defendants' asbestos-containing products and materials released respirable asbestos fibers capable of causing Mesothelioma if inhaled by individuals, including the Plaintiff.

**8.**

Due to Plaintiff's exposure to Defendants' asbestos-containing products and materials, Plaintiff contracted mesothelioma.

**9.**

**GENERAL DAMAGES**

As a result of the injuries set forth above, Plaintiff sustained general and/or noneconomic damages in the amount of $750,000.00.

**10.**

**MEDICAL BILLS**

Plaintiff has incurred and will continue to incur medical bills in an amount to be proved at trial.

**11.**

**FIRST CLAIM FOR RELIEF**
(Strict Liability)

The asbestos or asbestos-containing products of the Defendant suppliers, manufacturers or distributers were unreasonably dangerous and defective in that:

**Page 4 of 6- PLAINTIFF'S COMPLAINT – PERSONAL INJURY**

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

(a) The Defendants did not provide sufficient warnings and/or instructions of the harm caused by exposure to the Defendants' asbestos-containing products;

(b) The asbestos-containing products of the Defendants were capable of causing Mesothelioma if inhaled by individuals, including the Plaintiff.

12.

## SECOND CLAIM FOR RELIEF
### (Negligence)

Defendants were negligent generally and in one or more of the following particulars:

(a) The Defendants did not provide sufficient warnings and/or instructions of the harm caused by exposure to the Defendant's asbestos-containing products when the Defendants, prior to the period of the Plaintiff's exposure to asbestos and asbestos-containing products, possessed information concerning the adverse effects and disease-producing capabilities of those products;

(b) The Defendants failed to withdraw asbestos-containing products from the market prior to the Plaintiff's exposure, when the Defendants possessed information concerning the adverse effects and disease-producing capabilities of those products;

(c) The Defendants failed to determine the level of airborne asbestos fibers emitted by their products when the products were being used by the end user;

(d) The Defendants failed to conduct tests to determine the amount of asbestos to which the Plaintiff, or similarly situated workers, would be exposed, when engaging in the use of the products; and

(e) The Defendants failed to warn individual workers, including the Plaintiff, regarding the hazards associated with the use of the product.

///

///

Page 5 of 6- PLAINTIFF'S COMPLAINT – PERSONAL INJURY

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM

## 13.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury.

## 14.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the court that it grant the following relief:

a. On her first claim for relief, for non-economic damages of $750,000. and for economic damages for past and future medical expenses to be determined at trial;

b. On her second claim for relief, for non-economic damages of $750,000. and for economic damages for past and future medical expenses to be determined at trial;

c. For her legally recoverable costs and disbursements incurred herein; and

d. for such other and further relief as the court deems equitable and just.

DATED this 13th day of November, 20012.

LAW OFFICE OF JEFFREY S. MUTNICK
LAW OFFICES OF DEVIN ROBINSON, P.C.

_____
Devin N. Robinson, OSB #064879
*Of Attorneys for Plaintiff*
devin@nwtriallaw.com
503-228-7020

Trial Attorney: Jeffrey S. Mutnick, OSB #721784

Plaintiff requests a trial by jury.

_____
Devin N. Robinson, OSB #064879
*Of Attorneys for Plaintiff*
devin@nwtriallaw.com
503-228-7020

Page 6 of 6- PLAINTIFF'S COMPLAINT – PERSONAL INJURY

JEFFREY S. MUTNICK
*Jeffrey S. Mutnick Law Offices*
737 SW Vista Avenue
Portland, OR 97205
503 595-1033; 503 224-9430 (facsimile)
JMUTNICK@MUTNICKLAW.COM